**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Steven Updike,<br><br>  Plaintiff,<br><br>v.<br><br>American Honda Motor Company Incorporated, et al.,<br><br>  Defendants. | No. CV-21-01379-PHX-DJH<br><br>**ORDER** |

Defendant American Honda Motor Company Incorporated ("Defendant") has filed a Motion to extend the deadlines of the Final Pretrial Conference ("FPTC") and for leave to substitute one of its key expert witnesses: Mr. Eddie Cooper. (Doc. 127). Plaintiff Steven Updike ("Plaintiff") has filed a motion opposing the substitution of Mr. Cooper but does not oppose a brief continuance of the FPTC. (Doc. 129). Defendant has also filed a Reply. (Doc. 130). The Court denies Defendant's request to substitute Mr. Cooper for the reasons stated herein.[1]

**I.   Background**

This case arises from a roll-over accident Mr. James Updike, Sr. ("Decedent") was involved in while driving his 2019 Honda Talon utility terrain vehicle ("Talon"). (Doc. 1-2 at ¶ 4). Stemming from this roll-over accident, Plaintiff has brought claims for negligence

---

[1] Defendant has requested oral argument in this matter. (Doc. 127). The Court denies this request because the issues have been fully briefed and oral argument will not aid the Court's decision. *See* Fed. R. Civ. P. 78(b) (court may decide motions without oral hearings); LRCiv 7.2(f) (same).

(Doc. 1-2 at ¶¶ 20–30), strict product liability *id.* at ¶¶ 31–44), breach of express/implied warranty (*id.* at ¶¶ 45–48) and punitive damages[2] (*id.* at ¶¶ 49–52) against Defendant. The parties have each retained several experts to support their positions. (Doc. 123 at 3; Doc. 129-2 at 2).

Relevant here, Defendant retained Mr. Eddie Cooper in 2022 to "develop expert opinions and testify at trial regarding the engineering and design of the subject Talon's rollover protection system (ROPS)." (Doc. 127-3 at ¶ 3) (emphasis added). Now, after discovery has been closed for more than a year, Defendant seeks to replace this key expert witnesses because he is retiring. (Doc. 71 (setting the deadline for the disclosure of experts and completion of expert discovery as July 28, 2023); Doc. 127). Mr. Cooper states in a declaration that he has retired and closed down his consulting business. (Doc. 127-3 at ¶ 4). Mr. Cooper also states that, in anticipation of retiring, he stopped accepting additional case work after August of 2022 and expressed in March of 2024 that he could not stay on this case as this would result in the expectation to do the same in other matters and be unrealistic as he would no longer have an office or support staff to assist with trial preparation. (*Id.* at ¶ 6). In sum, Mr. Cooper states that he is now "unavailable" to testify at trial in this matter. (*Id.* at ¶ 9).

Defendant has attempted to find a substitute, Mr. Jeff Croteau, to address the design, engineering, and performance of the ROPS in lieu of Mr. Cooper. (*Id.*) However, Mr. Croteau has been diagnosed with a serious medical condition and must undergo treatment and immediate non-elective surgery that prevents him from providing a report and deposition before the FPTC. (*Id.*) So, Defendant proposes the following deadlines associated with this replacement:

- Vehicle Inspection: October 30, 2024
- Report Disclosure: January 30, 2024
- Deposition: February 30, 2025
- Rebuttal Work: TBD

---

[2] Plaintiff has stipulated to the entry of judgment in Defendant's favor on his punitive damages claim. (Doc. 84 at 5 n. 4).

(*Id*. at 12). Defendant notes that Plaintiff does not stipulate to this schedule and that it expects that the parties would be ready for a FPTC by May of 2025 if their proposed schedule is followed—seven months from now. (*Id*.)

## II.     Legal Standard

Federal Rule of Civil Procedure 26(a)(2)(B) requires parties to disclose the identity of each expert witness "accompanied by a written report prepared and signed by the witness." Fed. R. Civ. P. 26(a)(2)(B). Expert disclosures must be made according to the deadlines set by the Court. *Id*. at 26(a)(2)(D). "Rule 37(c) 'gives teeth' to the requirements of Rule 26(a) . . . so courts are given a particularly wide latitude to issue sanctions under Rule 37(c)(1)." *Carrillo v. B & J Andrews Enterprises, LLC*, 2013 WL 394207, *6 (D. Nev. Jan. 29, 2013) (quoting *Yeti by Molly, Ltd. v. Deckers Outdoor Corp*., 259 F.3d 1101, 1106 (9th Cir. 2001)). The exclusion sanction is "self-executing" and "automatic." *Hoffman v. Constr. Protective Servs*., Inc., 541 F.3d 1175, 1180 (9th Cir. 2008).

Motions to substitute expert witnesses are essentially motions to amend the Rule 16 scheduling order. *Miesen v. Henderson*, 2022 WL 392931, at *1 (D. Idaho Feb. 9, 2022) (citations omitted). "The standard for amending the pretrial scheduling order under Federal Rule of Civil Procedure 16(b)(4) is [the] 'good cause' [standard]." *Id*. (citing Fed. R. Civ. P. 16(b)(4)). The good cause standard "primarily considers the diligence of the party seeking the amendment." *Crandall v. Hartford Cas. Ins. Co*., 2012 WL 6086598, at *2 (D. Idaho Dec. 6, 2012) (citation omitted). At the heart of the inquiry is "the moving party's reasons for seeking modification." *Johnson v. Mammoth Recreations, Inc*., 975 F.2d 604, 609 (9th Cir. 1992). "What constitutes good cause sufficient to justify the modification of a scheduling order necessarily varies with the circumstances of each case." *Rang Dong Joint Stock Co. v. J.F. Hillebrand USA, Inc*., 2020 WL 3841185, at *3 (E.D. Cal. July 8, 2020) (quoting 6A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1522.2 (3d ed. 2019)). When ruling on a motion to amend a Rule 16 scheduling order, the Ninth Circuit has instructed courts to consider: (1) whether trial is imminent; (2) whether the request is opposed: (3) whether the non-moving party would be

prejudiced; (4) whether the moving party was diligent in obtaining discovery; (5) the foreseeability of the need for additional discovery; and (6) the likelihood that the discovery will lead to relevant evidence. *See City of Pomona v. SQM N. Am. Corp.*, 866 F.3d 1060, 1066 (9th Cir. 2017).

"[A]lthough it is not the usual practice, a court does have the power to subpoena an expert witness and, though it cannot require him to conduct any examinations or experiments to prepare himself for trial, it can require him to state whatever opinions he may have previously formed." *Kaufman v. Edelstein*, 539 F.2d 811, 817 (2d Cir. 1976), (quoting *Carter-Wallace, Inc. v. Otte*, 474 F.2d 529, 536 (2d Cir. 1972). Rule 45 of the Federal Rules of Civil Procedure governs the process of issuing subpoenas. A subpoena "may command a person to attend a trial . . . within 100 miles of where the person resides, is employed, or regularly transacts business in person." Fed. R. Civ. P. 45(c)(1)(A). The issuing court "may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." *Id.* at 45(g).

### III. Discussion

Defendant argues that the Court should allow it to substitute Mr. Cooper with Mr. Croteau and amend the associated deadlines because (1) good cause exists to do so and (2) it has shown extraordinary circumstances and substantial justification support this substitution. (Doc. 127 at 5, 7). Plaintiff argues that, instead of substitution, Mr. Cooper should be subpoenaed to testify at trial. (Doc. 129 at 8). It also argues that Defendant has not demonstrated good cause because it was not diligent in seeking this substitution. (*Id.* at 10). In its Reply, Defendant argues that, if Mr. Cooper is subpoenaed, he will not be a willing or prepared witness and may do more harm than good.[3] (Doc. 130 at 4–5). The Court agrees with Plaintiff and finds that Mr. Cooper must be subpoenaed to testify at trial if he is unwilling. *See Hopkins v. Integon Gen. Ins. Corp.*, 2023 WL 2711664, at *2 (W.D. Wash. Mar. 30, 2023) (finding that good cause did not exist to substitute an expert

---

[3] To ease this concern, the Court notes that Defendant may move to treat Mr. Cooper as an adverse or hostile witness at trial so that it can ask him leading questions during direct examination. *See* Fed. R. Evid. 611(c)(2).

- 4 -

witness based on his "strong preference he is not compelled to testify . . . or forced to retire later than planned.").

Here, the *Pomona* factors weigh heavily in Plaintiff's favor. Trial is imminent as the FPTC is set and no dispositive motions are pending, Defendant's request is opposed, Plaintiff would suffer prejudice due to this late substitution and there is no need for additional discovery as Mr. Cooper has already written his report, a rebuttal report and been deposed. *See Pomona*, 866 F.3d at 1066. Importantly, the good cause standard primarily considers diligence; and Defendant was not diligent in seeking a substitution for Mr. Cooper. *Crandall*, 2012 WL 6086598, at *2. He contacted Defense Counsel in "early 2024" and in March of 2024 expressed that he could not commit to testifying at trial. (Doc. 127-3 at ¶ 6). Yet, Defendant did not seek leave to substitute Mr. Cooper until it filed the instant motion on September 30, 2024—after the Court issued its rulings on the pending *Daubert* and Summary Judgment Motions. (Doc. 127). Defendant states that it contacted Mr. Croteau in July of 2024, but this is still four months after it learned that Mr. Cooper may not testify. (*Id*. at 3). Indeed, "[d]iligent counsel would have recognized that substituting a new expert and reopening discovery" after the close of discovery "would be a major setback to the parties' trial preparations and the Court's pretrial case management. In order to mitigate this impact, [Defendant] should have notified [Plaintiff] and the Court immediately upon learning of Mr. [Canon's potential] withdrawal." *Fidelity Nat. Financial, Inc. v. National Union Fire Ins. Co. of Pittsburgh*, 208 F.R.D. 649, 652 (S.D. Cal. 2015). This lack of diligence, as well as the other *Pomona* factors, precludes a finding of good cause here.

Furthermore, Defendant's reasons for seeking substitution are not supported by good cause either. *See Mammoth Recreations*, 975 F.2d at 609. The Court is sympathetic to Defendant's position: that it does not wish to jeopardize Mr. Cooper's retirement with litigation—or its working relationship with other retained experts. (Doc. 130 at 4). However, Mr. Cooper was retained to develop expert opinions and, in his own words, "***testify at trial***." (Doc. 127-3 at ¶ 3). As Plaintiff notes, "Mr. Cooper is a highly

- 5 -

experienced expert witness and was well aware that cases in federal court may not go to trial for 2–4 years, yet he accepted this engagement anyway." (Doc. 129 at 3).  In some instances, district courts within this circuit have concluded that a party is substantially justified in the late-disclosure of a substitute witness if the original witness' unavailability is "beyond the party's control."  *See, e.g., McDowell v. Evey*, 2000 WL 1371400, at *2–3 (D. Or. Aug. 31, 2000).  This is not such a case, however, because Mr. Cooper is not "unavailable"—rather, he is unwilling to testify.[4]  *See Hopkins*, 2023 WL 2711664, at *2.

Thus, because Defendant was not diligent and Mr. Cooper is not unavailable to testify, the Court will not amend its Rule 16 Scheduling Order at this juncture. See *Miesen*, 2022 WL 392931, at *1.  Instead, if this expert testimony is necessary for Defendant to "fairly present its defense that the design of the Talon was appropriate and safe for its intended use and did not play a causal role in the decedent's death," it can subpoena Mr. Cooper to testify at trial.  *See* Fed. R. Civ. P. 45(C)(1)(A); *see also Kaufman*, 539 F.2d at 817 (noting that courts "have the power to subpoena an expert witness" and can require them "to state whatever opinions [they] may have previously formed.").

Accordingly,

**IT IS ORDERED** that Defendant's Motion (Doc. 127) is **GRANTED in part** and **DENIED in part**.  Defendant's Motion for Leave to Substitute Mr. Cooper is denied; the Final Pretrial Conference set for November 25, 2024, is **VACATED** and **RESET** for **January 7, 2025, at 10:00 AM** in Courtroom 605, 401 West Washington Street, Phoenix, AZ 85003 before Judge Diane J Humetewa.

Dated this 9th day of October, 2024.

_____
Honorable Diane J. Humetewa
United States District Judge

---

[4] To be unavailable as a witness, Mr. Cooper would have to "refuse[] to testify about the subject matter despite a court order to do so" or be prevented from testifying "because of death or a then-existing infirmity, physical illness, or mental illness"  Fed. R. Evid. 804(a)(2), (4).