**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Steven Updike,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>American Honda Motor Company Incorporated,<br><br>　　　　　Defendant. | No. CV-21-01379-PHX-ROS<br><br>**ORDER** |

　　　　Before the Court are three Motions in Limine (Docs. 199; 209; 213). Defendant moves to exclude the opinions of Plaintiff's experts Dr. James Mason (Doc. 199) and Michael Markushewski (Doc. 213). Plaintiff moves to preclude Defendant from introducing evidence or argument regarding the affirmative defense of misuse in relation to the use of certain aftermarket accessories. (Doc. 209).

**I.     Defendant's Motion to Exclude James Mason's Opinion (Doc. 199)**

　　　　Defendant's Motion to Exclude James Mason's Opinion (Doc. 199) was first brought in September 2023 before Judge Humetewa. (Doc. 88). On September 13, 2024, Judge Humetewa ruled Dr. Mason's opinion was admissible under Rule 702 and any issues identified by Defendant are "ripe for rigorous cross-examination, not exclusion." (Doc. 96 at 18). Defendant now argues that Dr. Mason's opinion is inadmissible under Federal Rule of Evidence 702 ("Rule 702") as amended in 2023. (Doc. 199 at 6).

　　　　Rule 702 requires expert testimony (a) "help the trier of fact to understand the evidence or to determine a fact in issue," (b) be "based on sufficient facts or data," (c) be "the product of reliable principles and methods," and (d) "reflect[] a reliable

application…to the facts of the case."

In 2023, Rule 702 was amended "to clarify and emphasize that expert testimony may not be admitted unless the proponent demonstrates to the court **that it is more likely than not that the proffered testimony meets the admissibility requirements set forth in the rule**." Federal Rule of Evidence 702, Advisory Committee's Note (2023) (emphasis added). The Advisory Committee stated that to hold "the critical questions of the sufficiency of an expert's basis, and the application of the expert's methodology are questions of weight and not admissibility" is "an incorrect application" of the rule. *Id.* Not all challenges to the sufficiency of an expert's basis go to weight. *Id.* But "if a court finds it more likely than not that an expert has a sufficient basis to support an opinion," "any attack by the opponent will go only to the weight of the evidence." *Id.*

The Rule 702 amendment Defendant relies upon became effective December 1, 2023. Although there is no indication that Judge Humetewa was unaware of the amendment or that she did not find the opinion to be reliable, the Court nevertheless now makes the requisite finding.

Dr. Mason's education, training, experience, and calculations provide a sufficient basis for his opinion such that it is more likely than not that (a) his specialized knowledge will be helpful to the jury, (b) his testimony is based on sufficient facts or data, (c) is the result of reliable principles, and (d) reflects a reliable application of those principles to the facts of the case. Sufficient evidence exists in the record that a jury could reasonably rely upon Dr. Mason's opinion.

## II. Defendant's Motion to Exclude Michael Markushewski's Opinion (Doc. 213)

Defendant further moves to exclude the opinion of Plaintiff's expert Michael Markushewski under the amended Rule 702. Defendant argues Mr. Markushewski's opinion is "speculative" and "factually unsupported" because it "failed to appropriately rule out" alternative explanations. However, Mr. Markushewski's opinion regarding his observations is based upon his experience and training and is "supported by uncontroverted first-hand, eyewitness testimony from the day of the incident." (Doc. 217 at 3). The Court

finds it more likely than not (a) Mr. Markushewski's specialized knowledge will help the jury to understand the evidence or to determine a fact in issue, (b) his testimony is based on sufficient facts or data, (c) his testimony is the product of reliable principles and methods; and (d) his opinion reflects a reliable application of the principles and methods to the facts of this case. The Motion will be denied.

### III. Plaintiff's Motion in Limine re: Evidence or Argument Regarding Failure of ROPS Due to Aftermarket Accessories (Doc. 209)

Plaintiff raises concerns about the late-obtained testimony of Defendant's expert Eddie Cooper, which ironically appears to be helpful to Plaintiff. Plaintiff argues that Mr. Cooper's new testimony renders the defense of misuse precluded as a matter of law because Mr. Cooper testified in part that "the amount or quantity of any additional stress or increased load…attributable to the flag and/or the antenna" had a "minimal effect in an overall large load and thus "seemed irrelevant." The Court assumes Plaintiff obviously is not requesting exclusion of Mr. Cooper's testimony but hopes the Court will reconsider a ruling that favored Defendants on the Motion for Summary Judgment (Doc. 83). The Motion will be denied. The expert's testimony, though arguably helpful to the Plaintiff, does not render the entire misuse defense precluded as a matter of law. Plaintiff's prior Motion for Summary Judgment on this issue (Doc. 83) was denied on September 23, 2024.

**IT IS ORDERED** the Motion to Exclude James Mason's Opinion re Strength of ROPS under Amended FRE 702 (Doc. 199) is **DENIED**.

**IT IS FURTHER ORDERED** the Motion in Limine re: Evidence or Argument Regarding Failure of ROPS Due to aftermarket Accessories (Doc. 209) is **DENIED**.

**IT IS FURTHER ORDERED** the Motion to Strike – Exclude Michael Markushewski's Opinion under Amended FRE 702 (Doc. 213) is **DENIED**.

Dated this 28th day of January, 2026.

Honorable Roslyn O. Silver
Senior United States District Judge