**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Steven Updike,<br><br>             Plaintiff,<br><br>v.<br><br>American Honda Motor Company Incorporated,<br><br>             Defendant. | No. CV-21-01379-PHX-ROS<br><br>**ORDER** |

Before the Court is Defendant American Hoda Motor Co.'s "Motion in Limine to Limit Plaintiff's Cumulative and Irrelevant Damages Evidence." (Doc. 212). Defendant seeks exclusion of "evidence of damages that fall outside the scope of what is recoverable in a wrongful death suit." To this end, Defendant asks the Court to "either (a) limit[] the number of damage witnesses [P]laintiff may call, or (b) limit[] the amount of time [P]laintiff has to present testimony on damages." The Motion will be granted in part and denied in part.

Statutory beneficiaries in a wrongful death suit include "the surviving husband or wife, child, parent or guardian." A.R.S. § 12-612. If there are no surviving statutory beneficiaries, the action may be brought by the decedent's personal representative on behalf of the decedent's estate. Damages are limited to compensation for "injury resulting from the death." A.R.S. § 12-613. Both economic and non-economic damages such as "anguish, sorrow, stress, mental suffering, pain and shock," *City of Tucson v. Wondergem*, 466 P.2d 383, 387, are available, but must pertain only to the individual beneficiaries, not

the estate. Evidence regarding the "**manner of…death**" may be relevant "insofar as [it] may have added to [the] wrongful death plaintiff's anguish resulting from the death, as opposed to anguish caused by knowledge of premortem pain suffered by the decedent." *Girouard v. Skyline Steel, Inc.*, 158 P.3d 255, 259-60 (Ariz. Ct. App. 2007) (emphasis added).

Plaintiff correctly notes they bear the burden of proof as to the unique damages of each wrongful death beneficiary and, as such, Plaintiff is entitled to present the testimony of each beneficiary and, to the extent it remains corroborative rather than cumulative, the testimony of third parties. That testimony, however, must be limited to that within "the scope of what is recoverable in a wrongful death suit" (Doc. 212 at 2).

Evidence regarding the manner of death in this case may be relevant to damages to the extent "it reflects [the beneficiaries'] mental anguish from the manner of death, rather than the suffering of the decedent and any balancing under Rule 403." *Girouard*. But "to the extent the evidence of manner of death [deals] with premortem pain and suffering, it is irrelevant" in a wrongful death suit. In this case, while the knowledge that the decedent's "manner of death was slow and painful" and "the shock and mental anguish of seeing Jim as a paralyzed, fragile, and unrecognizable man, unable to breathe on his own, but alert, agitated, and in pain" (Doc. 219 at 7) are unquestionably real and agonizing, they are not legally compensable in a wrongful death suit as they constitute injury arising from the decedent experiencing premortem pain and suffering. As such, this testimony may be excluded as irrelevant to the issue of damages.

Any testimony must be based upon personal knowledge and relate to the injury of the beneficiaries resulting from the death. The opinions of any third parties giving their testimony on the impact of the death on the beneficiaries must come from personal knowledge, not hearsay, and meet the rigorous requirements of Federal Rule of evidence 701.

///

///

**IT IS ORDERED** the Motion in Limine to Limit Plaintiff's Cumulative and Irrelevant Damages Evidence (Doc. 212) is GRANTED IN PART and DENIED IN PART.

Dated this 30th day of January, 2026.

Honorable Roslyn O. Silver
Senior United States District Judge

- 3 -