**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Steven Updike,<br><br>             Plaintiff,<br><br>v.<br><br>American Honda Motor Company Incorporated, et al.,<br><br>             Defendants. | No. CV-21-01379-PHX-ROS<br><br>**ORDER** |

Plaintiff Steven Updike filed a Motion in Limine seeking for the second time to prohibit Defendant American Honda Motor Co. from presenting evidence or argument that certain aftermarket accessories—an antenna and a flag—caused the failure of the rollover protective structure ("ROPS") at issue in this action. The Court previously ruled on this issue (Doc. 221) as raised in an earlier Motion (Doc. 209), and Plaintiff has renewed the Motion to clarify his intent.

The Court previously stated:

> Plaintiff raises concerns about the late-obtained testimony of Defendant's expert Eddie Cooper, which ironically appears to be helpful to Plaintiff. Plaintiff argues that Mr. Cooper's new testimony renders the defense of misuse precluded as a matter of law because Mr. Cooper testified in part that "the amount or quantity of any additional stress or increased load . . . attributable to the flag and/or the antenna" had a "minimal effect in an overall large load" and thus "seemed irrelevant." . . . The expert's testimony, though arguably helpful to the Plaintiff, does not render the entire misuse defense precluded as a matter of law.

(Doc. 212 at 3). In the new Motion, Plaintiff clarifies he "did not seek to preclude the entire

misuse defense," but rather "sought to exclude evidence or argument regarding a specific part of Honda's misuse defense." (Doc. 224 at 1). Honda's misuse defense, Plaintiff states, includes four components, only one of which is impacted by the Motion. (*Id.* at 2). The Court recognizes this distinction. However, Mr. Cooper's testimony that the amount of additional stress created by the flag and antenna "seemed irrelevant" goes to the weight of the evidence, not admissibility. Evidence is relevant where "it has any tendency to make a fact more or less probable than it would be without the evidence; and the fact is of consequence in determining the action." Fed. R. Evid. 401. Whether the aftermarket accessories contributed to the failure of the ROPS is a fact "of consequence in determining [this] action," and Mr. Cooper's testimony, though arguably helpful to Plaintiff, does not render all evidence of such contribution legally irrelevant. As such, the Motion will be denied.

Accordingly,

**IT IS ORDERED** the Plaintiff's Second Motion in Limine Re: Evidence or Argument Regarding Failure of ROPS Due to Aftermarket Accessories (Doc. 224) is **DENIED**.

Dated this 3rd day of February, 2026.

Honorable Roslyn O. Silver
Senior United States District Judge