**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Steven Updike, | No. CV-21-01379-PHX-ROS |
| Plaintiff, | **ORDER** |
| v. | |
| American Honda Motor Company Incorporated, et al., | |
| Defendants. | |

The Court has received briefing on three issues for trial: the required elements of the consumer expectations test, the admissibility of certain marketing videos published by Defendant, and the availability of the state of the art affirmative defense.

## I.    Consumer Expectations

Under the consumer expectations test, "a product is defective and unreasonably dangerous because of a design defect if it fails to perform as safely as an ordinary consumer would expect it to perform, when the product is used in a reasonably foreseeable manner." RAJI (Civil) 7th, Product Liability 3. This definition requires "the product is, at the time it leaves the seller's hands, **in a condition** not contemplated by the ultimate consumer, which will be unreasonably dangerous to him." Restatement (Second) of Torts § 402A, comment g. (1965). Plaintiff raises the concern that this requirement imposes a negligence standard. This is incorrect. Negligence standard focuses on the defendant's conduct, whereas strict liability focuses on the condition of the product. Plaintiff is not required to prove negligent conduct on Defendant's part but must show that there was something wrong with the

product that caused it to be unreasonably dangerous.

## II. Marketing Videos & Advertising

Plaintiff argues for the admission of certain marketing videos published by Defendant and states "Judge Humetewa ruled that…Honda's advertisements were relevant to the consumer expectations test." (Doc. 232 at 2). Plaintiff refers to the following language in Judge Humetewa's order denying Defendant's Motion in Limine to exclude all advertising: "The Court agrees that some photographs and advertisements of the Talon are probative and relevant to consumer expectations." Judge Humetewa then ordered Plaintiffs to specifically identify each advertisement it intended to introduce and how its authenticity would be established. Judge Humetewa did not rule that any and all authenticated advertisements Plaintiff proffered would be admitted.

Plaintiff also takes issue with the Court's use of language from the case *Gomulka v. Yavapai Machine and Auto Parts, Inc.,* 745 P.2d 986. The Court cited the following language:

> Our conclusion that the consumer expectation test does not apply in this case is bolstered by the fact that Dr. Milner's affidavit stated that the average consumer has no knowledge of the properties of gasoline fumes. Yavapai Machine argues that the consumer expectation test therefore fails to provide an adequate legal standard by which to test its liability in this case. We agree, because one who has no knowledge of the properties of gasoline fumes has no idea about how a product could be designed to minimize the risk of exploding such fumes.

*Gomulka*, 745 P.2d at 990. Plaintiff is correct this case does not apply the consumer expectations test. However, its reasoning is relevant to understanding the consumer expectations test. As articulated in *Gomulka*, the consumer expectations test must still have some connection to the alleged defect.

The Court has reviewed Plaintiff's submission and examined each proffered advertisement and finds Plaintiff has not yet established sufficient foundation for relevance by connecting the videos to the individual facts of this case, in particular the alleged defect.

## III. State of the Art Affirmative Defense

Finally, the Court turns to the state of the art affirmative defense. Plaintiff has argued

that Defendant has disclosed no expert whose testimony is sufficient to establish the "technical, mechanical, and scientific knowledge of manufacturing designing, testing or labeling the same or similar products which was in existence and reasonably feasible for use at the time of [the Talon's] manufacture." In *Feuerstein v. Home Depot, U.S.A., Inc.*, the court denied the defendant's motion for summary judgment on the state of the art defense. The court reasoned:

> It is uncontested that the AL–22 went through pre-purchase safety testing and complied with standard A14.2, the governing American National Standards Institute ("ANSI") safety standard. . . . State of the art is **not coextensive with industry custom**: custom refers to what was being done in the industry; **state of the art refers to what feasibly could have been done**. Defendants do not provide evidence regarding whether the [product] provided the best and most feasible design . . . at the time of its manufacture . . . [or] evidence of experimentation and research conducted prior to manufacturing the [product]. Thus, the court cannot conclude that the [product] was state of the art as a matter of law at the time of its manufacture.

2014 WL 2557122. While the evidence proffered was not sufficient to support summary judgment for the defendant, the evidence of industry standard and pre-purchase safety testing was not excluded. Here, Defendant claims its experts will testify to industry standards, minimum safety regulations, and the testing and experimentation that went into the development of the Talon. The Court will not preclude use of the defense in advance, but will require Defendant to meet its full requirements prior to instructing the jury on the state of the art.

**IT IS SO ORDERED.**

Dated this 4th day of February, 2026.

Honorable Roslyn O. Silver
Senior United States District Judge